UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAULA M. GARDNER,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 3:21-cv-05680-JLR-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:  October 8, 2021 |

  The District Court has referred this matter to Chief United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A)–(B), and local Magistrate Judge Rules MJR3 and MJR4.

  Paula Gardner is an individual currently in the custody of Washington State and incarcerated at the Washington Corrections Center for Women.  Dkt. 1, at 6.  Her earned release date from custody is in 2025.  Dkt. 1, at 2.  Gardner has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); her motion appears to be founded on her diagnosis with stage four cancer.  Dkt. 1, at 1, 8.  As an attachment to her motion, she includes a letter from the

Washington State Department of Corrections denying petitioner's request for Extraordinary Medical Placement. Dkt. 1, at 43.

The Clerk's Office has docketed this matter as a habeas petition and, because Gardner did not request to proceed *in forma pauperis* ("IFP") or pay the $5 filing fee for a habeas petition, has sent Gardner a notice of filing deficiency. Dkts. 1, 2. However, Gardner is not seeking to have the judgment authorizing her confinement invalidated. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010) ("A § 2254 petitioner is applying for something: His petition 'seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement[.]'" (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 83, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis added)). She is not bringing a habeas petition under 28 U.S.C. § 2254. Rather, she requests to be released early from her sentence based on compassionate reasons.

It appears that what Gardner wishes to bring is an 18 U.S.C. § 3582(c)(1)(A) motion in federal court. That statute provides that a federal court—

> . . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that--
>     (i) extraordinary and compelling reasons warrant such a reduction. . . .
>     . . . .
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The Court is sympathetic to Gardner's circumstances but lacks authority to consider her motion. Gardner is in state, not federal, custody. And 18 U.S.C. § 3582 applies only to federal

prisoners. *Accord Green v. Quiros*, No. 3:20-CV-1217 (CSH), 2021 WL 1670293, at *5 (D. Conn. Apr. 27, 2021).

Therefore, the Court lacks subject matter jurisdiction over Gardner's motion and this matter should be dismissed without prejudice, regardless of whether Gardner corrects her filing deficiency by submitting an IFP motion or paying the filing fee. Any pending motions should be denied as moot. And Gardner should not be offered an opportunity to amend her motion, since amendment would be futile.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 8, 2021, as noted in the caption.

Dated this 22nd day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3